UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ALEXIS BUENDIA,<br><br>　　Plaintiff,<br><br>v.<br><br>ATLAS CREDIT CO., INC.,<br><br>　　Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:22-cv-00044<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Plaintiff, ALEXIS BUENDIA, by and through her undersigned counsel, complaining of Defendant, ATLAS CREDIT CO., INC., as follows:

## NATURE OF ACTION

1. This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas, Plaintiff resides in the Southern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

1

4. ALEXIS BUENDIA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Brownsville, Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

7. ATLAS CREDIT CO., INC. ("Defendant") is a corporation organized within Texas.

8. Defendant maintains its principal place of business at 410 W. Erwin St., Tyler, Texas 75702.

9. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2888.

12. At all times relevant, Plaintiff's number ending in 2888 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

14. In or around October 2021, Plaintiff took out a personal loan from Defendant.

15. In November 2021, suffering financial hardship, Plaintiff started missing payments.

16. Soon thereafter, Defendant started calling Plaintiff in an effort to collect the missed payments.

17. Plaintiff answered a call from Defendant and explained his financial situation and his inability to pay.

18. Plaintiff further informed Defendant that their telephone calls were hindering his ability to seek employment.

19. Nonetheless, the telephone calls continued.

20. In early January 2022, Plaintiff answered a telephone call from Defendant and requested that the calls cease.

21. When Plaintiff was unable to answer his telephone, Defendant would then make collection calls to his wife and friends.

22. On or around January 5, 2022, Defendant sent a letter to Plaintiff's friend stating that there is "no option except to consider the pursuit of all legal action we may find necessary."

23. On January 7, 2022, Plaintiff's wife answered Plaintiff's telephone when Defendant was calling. Plaintiff's wife informed Defendant to stop calling her.

24. Defendant disregarded the request and informed Plaintiff's wife that Defendant will continue to call until Plaintiff pays his debt.

25. On multiple occasions, Plaintiff answered Defendant's calls and was met by an approximate three-second pause prior to being connected to a live agent.

26. Despite Plaintiff's requests that the collection calls cease, Defendant continued placing harassing collection calls to Plaintiff's cellular phone.

27. Plaintiff's request fell on deaf ears and Defendant continued placing harassing collections calls to Plaintiff, including calls from the phone number (956) 546-3368.

28. In total, Defendant placed numerous harassing phone calls to Plaintiff after Plaintiff initially requested that Defendant cease contact with him.

29. Furthermore, Defendant began harassing anyone and everyone they could locate to pressure Plaintiff to make payment.

25. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

26. Defendant's harassing calls have caused Plaintiff damages, including, aggravation that accompanies frequent unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls and text messages, wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

27. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

## CLAIMS FOR RELIEF

### COUNT I
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

29. The TCPA defines ATDS as "equipment which has the *capacity*—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

30. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

31. Accordingly, the system employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

32. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 10 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

33. As pled above, Plaintiff revoked consent to be called on his cellular phone on multiple occasions during answered calls.

34. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

35. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

36. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

37. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

38. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

39. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

a. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

b. an award of statutory damages of at least $500.00 for each and every violation;

c. an award of treble damages of up to $1,500.00 for each and every violation; and

d. an award of such other relief as this Court deems just and proper.

## COUNT II
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

40. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Tex. Fin. Code Ann § 392.302

41. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

> (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

42. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff after Plaintiff requested that Defendant cease all contact with Plaintiff.

43. Defendant's continuous phone calls were made with intent to harass Plaintiff and coerce payment.

44. Defendant further harassed Plaintiff by placing collection calls and sending written correspondence to Plaintiff's wife and friends seeking to collect payment on the subject debt.

45. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) to Tex. Fin. Code Ann. § 392.403, which provides:

(a) A person may sue for:

(1) injunctive relief to prevent or restrain a violation of this chapter; and

(2) actual damages sustained as a result of a violation of this chapter.

(b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

a. a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

b. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. an award of such other relief as this Court deems just and proper.

Date: April 18, 2022

Respectfully submitted,

**ALEXIS BUENDIA**

/s/ Marwan R. Daher

Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Lombard, IL 60148
Phone: (630) 537-1770
mdaher@sulaimanlaw.com